# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of -- )
)
Great America Construction Company ) ASBCA Nos. 60437, 60501
)
Under Contract No. W5KA4N-11-C-0181 )

APPEARANCE FOR THE APPELLANT: Mr. Mansour Alamyar
Vice President and PM

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
MAJ Cali Y. Kim, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

The government moves for summary judgment that appellant has released all claims under the contract referenced above.

### STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

The following is not in dispute. On 27 September 2011, appellant and the government entered into the above-referenced construction contract, to be performed in Afghanistan (R4, tab 1 at 1-2). On 9 January 2012, the government terminated the contract, in part, for convenience (R4, tab 4). In February 2012, appellant and the government entered a modification to the contract agreeing to a settlement amount of 14,573,191.92 Afghanis (AFN), and stating, without reservation, that:

> The Contractor releases and forever discharges the
> Government from all liability and from all existing and
> future claims and demands that it may have under this
> contract, insofar as it pertains to the contract.

(R4, tab 19 at 3)

In May 2012, the government paid appellant AFN 9,914,410.22, and, in August 2012, the government paid appellant AFN 4,666,486.92, for a total of AFN 14,580,897.14 (the government says that the excess is interest), which the

government says equated to $299,028.34 at the time of payment (R4, tabs 23-24, 28-29; gov't mot. at 5, ¶¶ 16, 18 & nn.2-3). On 3 February 2016, appellant filed what it called a "Complaint letter" (which was docketed as ASBCA No. 60437) asserting that the government had forced it to accept the settlement amount. On 26 February 2016 we stayed that appeal pending a contracting officer's final decision upon a claim the contractor had presented. On 8 March 2016, the contracting officer denied appellant's certified claim, in which appellant had requested $210,000 because, appellant said, the government had forced it to enter into the modification (R4, tab 30 at 2-3, ¶¶ 2, 9, tab 31).[1] Appellant timely filed an appeal of the final decision, which was docketed as ASBCA No. 60501 on 13 March 2016. Finding that the appeals concern the same matter, we consolidate them for decision.

## DECISION

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,067 at 176,129 (citing FED. R. CIV. P. 56(a)). To counter a motion for summary judgment, more than mere assertions are necessary. *Thorington Electrical and Construction Co.*, ASBCA No. 56895, 10-2 BCA ¶ 34,558 at 170,418. Conclusory assertions do not raise a genuine issue of fact. *Id.* The non-movant must submit, by affidavit or otherwise, specific evidence that could be offered at trial. *Id.* Failing to do so may result in the motion being granted. *Id.*

There is no dispute that the government paid the settlement amount pursuant to a contract modification releasing the government from all claims under the contract, without reservation. Such a general release bars all claims. *Space Age Engineering, Inc.*, ASBCA No. 18086, 73-2 BCA ¶ 10,150 at 47,724. In opposing summary judgment, appellant says that it "was forced to accept the [settlement] amount," and that the contracting officer "said if we not accept the amount the well change the termination status and also will not pay us" (app. opp'n at 1 (syntax in original)). However, appellant neither points to nor presents any evidence whatsoever to support its opposition to summary judgment. Consequently, without addressing whether, if true, what appellant describes could constitute duress, *see generally Cantrill Development Corp.*, ASBCA No. 30160 *et al.*, 89-2 BCA ¶ 21,635 at 108,849 (stating that duress requires that the circumstances permitted no other alternative), appellant presents no issue for trial. Accordingly, the government is entitled to judgment as a

---

[1] Although the contracting officer found that appellant had requested $210,700, apparently based upon a table set forth in the claim, we find that appellant claimed $210,000, based upon its statement in the claim that "[w]e are seeking our right and amount of $210,000 *which the Government has to pay us*" (R4, tab 30 at 2, ¶ 9 (emphasis added; tab 31 at 1)).

2

matter of law. *Cf. Thorington*, 10-2 BCA ¶ 34,558 at 170,418-19 (applying release; no evidence submitted in opposition to summary judgment).

## CONCLUSION

The motion for summary judgment is granted, and the appeals are denied.

Dated: 2 August 2016

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 60437, 60501, Appeals of Great America Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals